JOHN RUST, PLAINTIFF AND DEFENDANT IN ERROR, v. CHRISTIAN OLTMER, DEFENDANT AND PLAINTIFF IN ERROR.

Argued March 7, 1907—Decided June 17, 1907.

1. A declaration contained a count for criminal conversation, and also a count for alienating the affections of the plaintiff's wife. These are distinct causes, but were joined under Supreme Court rule No. 17. As to the count for criminal conversation, the husband and wife, under the Evidence act of 1900 (*Pamph. L.*, *p.* 363, § 5), were not competent witnesses, except to prove the fact of marriage, but as to the second count, they were competent for all purposes.

2. The husband, without objection, testified generally for himself, but the wife's testimony, apart from the fact of marriage, was excluded. At the close of the testimony the second count was abandoned and the case left to the jury entirely upon the first count. *Held*, that the husband's testimony was admissible under the second count when offered; that the wife's testimony was also admissible when excluded. *Held*, that upon the abandonment of the case under the second count, the court should have charged, in accordance with the request of defendant's counsel, that the jury should not consider the testimony of the plaintiff as to his wife's criminal conversation with the defendant, nor as to the wife's alleged confession to her husband of misbehavior with the defendant.

On error to the Supreme Court.

For the plaintiff in error, *John J. Fallon.*

For the defendant in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

REED, J.  The declaration contained two counts; the first count charged that the defendant debauched and carnally knew the wife of the plaintiff, whereby the affections of the wife were alienated from her husband.

The second count charged that the defendant maliciously enticed the plaintiff's wife away from him, intending to deprive the plaintiff of her society.

Upon the trial the plaintiff was a witness. He testified to admissions made by his wife and conduct by her. This testimony was admitted without objection. For the defence the wife was sworn and, upon objection by defendant's counsel, her testimony was restricted to the fact of her marriage with the plaintiff. To the exclusion of all other testimony by the trial court, an exception was sealed.

The trial judge, in his charge, restricted the right of recovery to the act of the defendant in committing adultery with the plaintiff's wife. The charge upon the second count was ignored.

Section 5 of the Evidence act (*Pamph. L.* 1900, *p.* 363) enacts that "in any trial or inquiry in any suit, action or proceeding in any court * * * the husband or wife of any person interested therein as a party or otherwise, shall be competent and compellable to give evidence the same as other witnesses on behalf of any party to the suit, action or proceeding; provided, that nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action for criminal conversation except to prove the fact of marriage.

As already stated, the first count of the declaration charged criminal conversation by the defendant with the plaintiff's wife. The second count did not charge criminal conversation but merely charged the alienation of the affections of the wife from the husband. The two charges were distinct. The first involves an adulterous act between the defendant and the wife, and the second not. *Ell. Ev.,* §§ 1651, 1651*a;* 1 *Saund. Pl. & Ev.* 875; *Winsmore* v. *Greenbank, Willes* 577.

It is thus perceived that while the statute excluded the testimony of both husband and wife as to any fact except that of marriage in the cause of action set forth in the first count, it did not exclude such testimony in the cause of action set forth in the second count.

Supreme Court rule No. 17 provides that causes of action arising *ex delicto,* except replevin and ejectment, may be joined in the same suit. The operation of this rule in cases like the present is curious and seemingly harsh; but it is not

perceived how the testimony of a witness competent in one case can be excluded because inadmissible in another. In such a situation the best that can be done by the trial judge is to confine, so far as instructions to the jury can confine, the consideration of such testimony to the very cause in which it is evidential, and to exclude it from the jury's consideration in that cause in which it is not evidential. .

The counsel for the defendant, therefore, could not have excluded the testimony of the husband, but could only ask the judge to charge that such testimony was to be disregarded by the jury in passing upon the first count.

When the wife was put upon the stand by the defendant, the situation was exactly the same. She was a competent witness as to all facts under the second count, and so long as that count remained a part of record the exclusion of her testimony was error.

The counsel for the plaintiff, however, insists that the charge in the second count was entirely abandoned, and, as already observed, the court, in its charge to the jury, entirely disregarded it and confined the right of plaintiff's recovery to proof of facts essential to prove the first count of the declaration. The judicial language was that the suit was for what was called "criminal conversation," a suit by a husband against a man for seducing his wife and committing adultery with her; that plaintiff must prove this claim before he was entitled to a verdict; that the inquiry was, Did this defendant seduce Mrs. Rust, committing adultery with her once, or any number of times, on one or more occasions.

If the abandonment by counsel, and disregard by the court of the second count, and the submission to the jury of the case presented by the first count only would justify the previous exclusion of the wife's testimony, it follows that it would also invalidate the testimony of the husband. This testimony being admissible when taken in view of the existence of the second count, became inadmissible when that count was eliminated from the cause, and the least that the court could have done was to relieve the case from the influence of that testimony by charging the jury to disregard it.

The attention of the court was sufficiently directed to this phase of the situation by the request of the counsel of the defendant to charge that the jury could not consider the testimony of the plaintiff as to his wife's criminal conversation with the defendant and the request to charge that the jury could not consider the wife's alleged confessions to her husband.

The failure to so charge was injurious error. The judgment should be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Fort, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vredenburgh, Vroom, Green, Gray, Dill, J.J. 15.